# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRENT MORRIS, | Case No.: 3:17-cv-00073-RCJ-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 40 |
| C. KERNER, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion for Summary Judgment. (ECF Nos. 40, 40-1 to 40-15, errata at ECF Nos. 42, 42-1 to 42-17[1].) Despite being given an extension of time, Plaintiff did not file a response.

After a thorough review, it is recommended that Defendants' motion be granted.

## **I. BACKGROUND**

When Plaintiff filed this action, he was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1-1.) Plaintiff's original and first amended complaints were dismissed with leave to amend. (ECF Nos. 1-1, 3, 6, 12.)

---

[1] The errata contains the entire set of bates stamped exhibits with an appendix.

After filing the first amended complaint, Plaintiff filed a notice of change of address indicating a new address in Michigan. (ECF No. 7.) He was apparently subsequently incarcerated in the Cooper Street Correctional Facility in Michigan. (ECF No. 9.)

Plaintiff then filed a second amended complaint (SAC) (ECF No. 13), which is the operative complaint. On screening the SAC, the court allowed Plaintiff to proceed with claims for denial of access to the courts against Julie Matousek (mistakenly named by Plaintiff as Matonsek), Curtis Kerner, and Thomas Hinckle. (ECF No. 14.)

Plaintiff alleges that on February 3, 2015, he went to the Ely State Prison (ESP) property room to pack up his personal property because he was being transferred to Northern Nevada Correctional Center (NNCC) for medical treatment. Matousek told Plaintiff there was not room in his duffle bag for all of his legal documents, and that he would need four fire-retardant boxes for the remaining legal files and documents. Plaintiff told Matousek he only had two fire-retardant boxes. Matousek filled two fire-retardant boxes with legal documents and placed the remaining legal documents into two regular boxes, advising Plaintiff that only the two fire-retardant boxes would be allowed on the transportation bus, and the two regular boxes would be stored in the property room at ESP. Matousek told Plaintiff he could pay to have the other two boxes shipped to him at NNCC.

Plaintiff told Sergeant Kerner he should not have to pay to ship the two boxes of legal documents, but Kerner maintained Plaintiff could not have them shipped with him on the transportation bus. He told Plaintiff he had 90 days to forward the two boxes to Plaintiff at NNCC, but the legal documents were never sent to him.

Plaintiff also avers that while in the property room at ESP, Hinckle approached him with mail contained in a small box, which contained legal papers from his federal habeas case.

Plaintiff asked Hinckle to place the box in his duffle bag so it could be transported with him to NNCC, but Hinckle refused. Instead, Hinckle put the box in one of the regular boxes that Matousek would not allow to be transported with Plaintiff.

Plaintiff alleges that the files were related to his habeas proceeding, and claims he could not challenge his convictions without those legal documents, which included the trial and evidentiary hearing transcripts, previously filed briefs and his research notes.

Plaintiff subsequently filed another notice of change of address to the Central Michigan Correctional Facility. (ECF No. 20.) On September 29, 2020, Plaintiff filed another notice of change of address listing his new address in Detroit, Michigan. (ECF No. 39.)

On December 11, 2020, Defendants filed their motion for summary judgment, and subsequently their errata with the corrected exhibits, which were served on Plaintiff at his most recent address of record. (ECF No. 40 at 19; ECF No. 42 at 3.) Defendants argue: (1) the official capacity claims for money damages should be dismissed; (2) they are entitled to summary judgment on the access to courts claim because it was Plaintiff's own conduct that resulted in his not having access to the files, and in any event, Plaintiff did not suffer actual injury; and (3) they are entitled to qualified immunity.

## **II. LEGAL STANDARD**

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome

of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

4

omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### **III. DISCUSSION**

Inmates have a constitutional right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977), *limited in part on other grounds in Lewis v. Casey,* 518 U.S. 343, 354 (1996). An inmate alleging a violation of their right of access to the courts must show "actual injury," a requirement that "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey,* 518 U.S. 343, 349 (1996) (citations omitted). The right of access to the courts does not

guarantee an inmate the right to "*litigate effectively* once in court." *Id*. at 354 (emphasis original). Nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines[.]" *Id*. at 355.

Where a prisoner asserts a backward-looking denial of access to courts claim—one seeking a remedy for a lost opportunity to present a legal claim—he or she must show the loss of a "nonfrivolous" or "arguable" underlying claim[.]" *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions. *See Lewis*, 518 U.S. at 353 n. 3, 354-55; *Simmons v. Sac. Cnty. Sup. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003). The right is only a right to bring complaints to court, and not a right to discover such claims or litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55.

Defendants present evidence that Plaintiff could have paid to have the excess documents shipped out to him, by using a "brass slip," in which case he would not have been required to pay the cost of shipping up front. (ECF No. 40 at 7; ECF No. 42-6.) Regardless of whether Plaintiff could have had the documents shipped to himself, or it was Defendants' conduct that caused him to be deprived of his legal documents (as Plaintiff alleges), Defendants have submitted unrefuted evidence that Plaintiff did not suffer actual injury with respect to his federal habeas petition. This is fatal to his access to courts claim.

Plaintiff was convicted of two counts of commission of a fraudulent act in a gaming establishment, a felony, and four counts of entry into a gaming establishment by an excluded person, a gross misdemeanor. (ECF No. 14-10 in Case 3:14-cv-00372-LRH-WGC.) For the felony conviction, he was adjudicated a habitual criminal and sentenced to two concurrent terms of 8-20 years' incarceration, which were to run concurrently with his sentences on the gross

misdemeanors on July 7, 2011. (*Id.*) Plaintiff appealed his conviction (ECF No. 14-2 in 3:14-cv-00372-LRH-WGC), and the Nevada Supreme Court affirmed the conviction. (ECF No. 15-9 in 3:14-cv-00372-LRH-WGC.) Plaintiff then filed his first State petition for writ of habeas corpus on September 13, 2012, seeking post-conviction relief. (ECF No. 15-12 in 3:14-cv-00372-LRH-WGC.) Following a counseled supplement and an evidentiary hearing, the State petition was denied. (ECF Nos. 15-19, 15-24, 16-7, 16-8 in 3:14-cv-00372-LRH-WGC.) He filed a post-conviction appeal raising six claims of ineffective assistance of counsel. (ECF No. 16-12 in 3:14-cv-00372-LRH-WGC.) The Nevada Supreme Court affirmed the denial of relief, and the remittitur issued on July 6, 2015.

On August 4, 2015, Plaintiff moved to modify his sentence regarding the habitual criminal aspect of the sentence. (ECF No. 60-1 in 3:14-cv-00372-LRH-WGC.) The motion was denied, and Plaintiff appealed. (ECF Nos. 60-5, 60-9, 60-14 in 3:14-cv-00372-LRH-WGC.) The Nevada Supreme Court affirmed the denial. (ECF No. 60-16 in 3:14-cv-00372-LRH-WGC.)

In July of 2014, Plaintiff initiated his federal habeas action, in case 3:14-cv-00372-LRH-WGC, with his original petition raising one claim concerning the sufficiency of the evidence. (ECF No. 2 in 3:14-cv-00372-LRH-WGC.) The respondents filed their answer and accompanying exhibits on January 29, 2015. (ECF Nos. 11, 12-1 to 12-24, 13-1 to 13-24, 14-1 to 14-24, 15-1 to 15-24, 16-1 to 16-25 in 3:14-cv-00372-LRH-WGC.) On February 4, 2015, Judge Hicks ordered Plaintiff to file his reply to the answer within 45 days. (ECF No. 17 in 3:14-cv-00372-LRH-WGC.)

On March 5, 2015, and May 4, 2015, Plaintiff requested extensions of time to file his reply brief, asserting that he was transferred from ESP to NNCC on February 5, 2015, and was not allowed to have two of his boxes of legal paperwork transferred with him that related to his

7

federal habeas case. He contended that he did not have the underlying documentation he needed to file his reply, including the transcripts from the trial and evidentiary hearing in his criminal case. (ECF Nos. 19, 20, 20-1 in 3:14-cv-00372-LRH-WGC.) Judge Hicks granted both requests. (ECF Nos. 21, 22 in 3:14-cv-00372-LRH-WGC.)

On July 13, 2015, Plaintiff an amended federal habeas petition raising 11 grounds for relief. (ECF No. 25 in 3:14-cv-00372-LRH-WGC.) Plaintiff subsequently filed five more requests for an extension of time to file a reply to the respondents' answer to the original federal habeas petition. (ECF Nos. 26, 31, 32, 33, 35 in 3:14-cv-00372-LRH-WGC.) The respondents filed an opposition to one of the requests for an extension, stating that Plaintiff should have asked for a copy of the answer and exhibits (which contained the relevant documentation Plaintiff sought to file his reply) from respondents or the court instead of waiting over a year. Nevertheless, the respondents agreed to mail a copy of the answer and the exhibits to Plaintiff, and agreed to a short extension of time for Plaintiff to file his reply. (ECF No. 34 in 3:14-cv-00372-LRH-WGC.)

Judge Hicks denied the pending requests for extension of time as moot, noting that Plaintiff had, at that point, received the exhibits to respondents' answer to the original petition, which contained the court record which Plaintiff had claimed was taken from him when he transferred from ESP to NNCC. Judge Hicks also required the respondents to file a response to Plaintiff's amended federal habeas petition. (ECF No. 36 in 3:14-cv-00372-LRH-WGC.)

The respondents subsequently filed a motion to dismiss the amended petition. (ECF No. 37 in 3:14-cv-00372-LRH-WGC.) Plaintiff filed a response to the motion to dismiss on April 29, 2016. (ECF No. 38 in 3:14-cv-00372-LRH-WGC.) The response contains detailed quotations from Plaintiff's trial and evidentiary hearing in his criminal case.

Judge Hicks granted the respondents' motion to dismiss the amended petition in part and denied it in part, finding that Plaintiff had not presented his claims raised in the federal amended habeas petition to the State court to exhaust them. (ECF No. 42 in 3:14-cv-00372-LRH-WGC.) Plaintiff sought, and Judge Hicks granted, a stay and abeyance of his amended petition to return to state court to exhaust his claims. (ECF Nos. 51, 61 in 3:14-cv-00372-LRH-WGC.)

In May of 2018, Plaintiff filed a second State habeas petition to exhaust his federal claims. The State court ruled the second petition was time-barred. (ECF No. 77-4, 77-5, 77-6 in 3:14-cv-00372-LRH-WGC.) Plaintiff appealed, and the Nevada Supreme Court affirmed the dismissal of the second state petition as untimely. (ECF Nos. 77-1, 77-2 in 3:14-cv-00372-LRH-WGC.)

The next month, Judge Hicks reopened the federal habeas case on Plaintiff's request. (ECF No. 69 in 3:14-cv-00372-LRH-WGC.) The respondents filed an amended motion to dismiss. (ECF No. 73 in 3:14-cv-00372-LRH-WGC.) On August 13, 2020, Judge Hicks dismissed grounds 2-7 and 9 of the amended petition with prejudice as procedurally defaulted, and dismissed ground 8 with prejudice to the extent it argued that the state court erred by using Plaintiff's prior convictions in adjudicating him as a habitual criminal, and failing to make a finding the habitual criminal status was just and proper. (ECF No. 81 in 3:14-cv-00372-LRH-WGC.) The respondents then filed a second motion to dismiss. (ECF No. 90 in 3:14-cv-00372-LRH-WGC.) Despite being given an extension of time, Plaintiff failed to file a response to the second motion to dismiss, and Judge Hicks dismissed the remainder of the action without prejudice. (ECF Nos. 93, 95 in 3:14-cv-00372-LRH-WGC.)

Defendants acknowledge that on February 3, 2015, Plaintiff went to ESP's property room to pack his property in preparation for his transfer from ESP to NNCC. He had two boxes worth

of legal work that under NDOC regulations could not be included on the transportation bus. (ECF No. 42-3.) Plaintiff was given the option of having the legal work shipped or mailed at his own expense, having it destroyed by the property officer, having it donated to charity or to appeal the decision through the inmate grievance process. Plaintiff elected to appeal the decision through the inmate grievance process. (*Id*.; ECF No. 42-6.)

The docket in Plaintiff's federal habeas action, on which his access to courts claim is predicated, reveals that Plaintiff did not suffer actual injury. When he filed motions for extensions of time to file his reply to the answer to his original habeas petition because he did not have the underlying record, the extensions were granted, and then deemed moot when the respondents provided him with the underlying record and the court directed them to file a response to the amended habeas petition. The respondents filed a motion to dismiss the amended petition, to which Plaintiff filed a response that including direct detailed quotations from his trial and evidentiary hearings as well as other orders, directly contradicting his allegations of actual injury in this case. Therefore, Defendants' motion for summary judgment should be granted, and the court need not reach their remaining arguments.

## **IV. RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment (ECF No. 40).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 29, 2021

_____
William G. Cobb
United States Magistrate Judge